Dear Mr. Oesterreicher:
This is in response to your request for an opinion as follows:
 Does the majority vote of the voters to incorporate a fire protection district and elect initial directors pursuant to Chapter 321, RSMo, and then the district's directors voting to levy a tax of 30¢ per $100 valuation, pursuant to Section 321.240, RSMo, comply with the requirements of Article X, Section 16-24 of the Missouri Constitution (known as the Hancock Amendment) that political subdivisions are prohibited from levying any tax not authorized by law when the amendment was adopted without the approval of the required majority of the qualified voters?
Your request indicates that the people of the fire protection district in question voted to incorporate the fire protection district at the August 3, 1982, election. You further indicate that neither the notice of election nor the official ballot made reference to any tax levy. Following the election, the first board of directors of the fire protection district voted to assess the levy described in your question pursuant to Section 321.240, RSMo Supp. 1982.
A fire protection district is a political subdivision of the state. Section 321.010.1, RSMo Supp. 1982, provides in pertinent part:
 A "fire protection district" is a political subdivision which is organized and empowered to supply protection by any available means to persons and property against injuries and damage from fire. . . . [Emphasis added]
See also, Article X, Section 15, Missouri Constitution.
Article X, Section 22, Missouri Constitution, provides in pertinent part:
 (a) Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, . . . when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. . . .
Section 321.240, RSMo Supp. 1982, provides in pertinent part:
 To levy and collect taxes as herein provided, the board shall in each year determine the amount of money necessary to be raised by taxation, and shall fix a rate of levy which, when levied upon every dollar of the taxable tangible property within the district as shown by the last completed assessment, and with other revenues, will raise the amount required by the district annually to supply funds for paying the expenses of organization and operation and the costs of acquiring, supplying and maintaining the property, works and equipment of the district, and maintain the necessary personnel, which rate of levy shall not exceed thirty cents on the one hundred dollars valuation; . . . [Emphasis added]
In Roberts v. McNary, 636 S.W.2d 332 (Mo. banc 1982), the Missouri Supreme Court held that fees charged by a county for services could not be raised without voter approval. St. Louis County argued that since the voters had given authority to levy an unspecified fee prior to the adoption of the Hancock Amendment, subsequent voter approval of a specific fee was not required by the Hancock Amendment. The court stated:
 The first phrase of § 22(a) means that it does not affect any license or fee specific in amount which, although authorized at the time of the adoption of the Hancock Amendment, had not yet actually been imposed. The second phrase states that any license or fee existing [i.e., actually imposed] at the time the Hancock Amendment was adopted could not be increased without complying with § 22(a). Therefore, appellants' assertion that a county can impose a license or fee under an enabling authority which sets no specific dollar amount or rate without complying with Art. X, § 22(a) must fail. [Emphasis added] Id. at 337.
We can think of several persuasive legal arguments which militate in favor of the board's ability to set the levy without another vote of the people, not the least of which is the clear indication by the voters that they wished to form a fire protection district which would be more than a shell and which would be able to meet their fire protection needs. However, given the Supreme Court's extremely strict interpretation of Hancock Amendment questions heretofore,see, e.g., Boone County Court v. State, 631 S.W.2d 321 (Mo. banc 1982) and Buechner v. Bond, Case No. 64348 (January 11, 1983), we believe that that Court would interpret Article X, Section 22(a), to require a vote of the people prior to any tax being levied.
Finally, in rendering this opinion, we are mindful of Oswaldv. City of Blue Springs, 635 S.W.2d 332 (Mo. banc 1982), in which the Supreme Court held that the voters of Blue Springs, Missouri, had authorized increases in water and sewerage rates to cover not only principal and interest but also costs of maintenance and operation when they voted to allow the city to issue revenue bonds. We believe that Oswald is distinguishable from the facts you pose in that there the rate covenant in the bond proposal submitted to the voters made specific reference to an increase in water and sewerage charges. Here, the ballot made no reference to the ability of the fire protection district to impose a levy.
CONCLUSION
It is the opinion of this office that Article X, Section 22(a), Missouri Constitution, requires voter assent to a specific proposed fire protection district levy prior to the imposition of such a levy by a newly-formed fire protection district.
Very truly yours,
 JOHN ASHCROFT Attorney General